NANNIE I. MAURER, APPELLEE, v. ANDREW N. FEATHER-
STONE, APPELLANT.

FILED JULY 21, 1920. No. 21041.

1. **Sales: AGENT PRINCIPAL DEBTOR AFTER RESALE.** "A consignee, by the terms of his agency, may be the agent of the consignor until the consigned goods are sold, and, when they are sold, become, as, between him and the consignor, the purchaser of and principal debtor for the goods sold." *Nutter v. Wheeler*, 2 Low. (U. S. D., C.) 346.

2. **Appeal: CONFLICTING EVIDENCE: REVIEW.** "Where, in an action at law, the evidence is conflicting, it is not the province of this court to examine it further than to see that there is sufficient to justify the conclusion reached." *Young v. Kinney*, 85 Neb. 131, followed.

3. **Evidence examined, and *held* to support the judgment.**

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*Daniel H. Sheehan* and *Organ & Sheehan*, for appellant.

*A. P. Lillis* and *Richard S. Horton*, contra.

DAY, J.

The plaintiff, Nannie I. Maurer, recovered a judgment in the district court for Douglas county against the defendant, Andrew N. Featherstone, for $1,385.87. Featherstone has appealed. The trial was had to the court, a jury being waived. The plaintiff has succeeded to all the rights of J. W. Blackstone under the contract which is the basis of the action.

The question argued turns largely upon the interpretation to be placed upon the contract, whether it be held a contract of agency, as contended by the defendant, or whether it be construed as a contract of sale, as contended by the plaintiff. The contract, omitting the inventory, is as follows: "Omaha, Neb., May 3, 1909. Received of J. W. Blackstone the following described property on consignment, to be sold by us and the proceeds accounted for every two weeks from the date hereof. It is hereby agreed and understood that the property belongs to J. W. Blackstone, that it is to be sold by A. N. Featherstone and C. K. Jones, who are to stand all the expense of storage and selling and pay the said J. W. Blackstone every two weeks in cash 75 per cent. of the invoice price for all goods sold. C. K. Jones, A. N. Featherstone, by C. K. Jones." Under this contract Featherstone in December, 1909, sold the stock remaining in his hands to one Coatsworth, describing it in the contract as "a certain stock of merchandise valued at $1,200, consisting of office supplies and office fixtures (office furniture)," in monthly instalment payments, taking Coatsworth's notes therefor. In these notes Featherstone was named as payee. The contract between Featherstone and Coatsworth is also drawn in uncertain terms, containing the elements of a conditional sale and a chattel mortgage. After making three monthly payments upon his purchase, Coatsworth made default, and the stock was turned back to Featherstone. Upon this state of facts the plaintiff claims that she is entitled to recover under the contract, while the de-

fendant claims that he is holding the goods as agent for the plaintiff, and offers to return them to her. It does not clearly appear in the record how Featherstone succeeded to the interest of Jones and Featherstone in the contract, but there seems to be no point made in the brief but that he was the successor in interest of the consignees. The contract of sale which Featherstone made with his purchaser was not made for and on behalf of the consignor, but for his own individual benefit. The terms of his sale to his purchaser were entirely different from those under his contract with the consignor.

The contract now before us must be construed as a whole, giving meaning to its several parts in an effort to arrive at the intention of the parties. When so construed, we believe that the goods were to be treated as a bailment in the hands of the consignees, with the right of sale, and, when that right was exercised by the consignees, the relationship of debtor and creditor as between the consignor and consignees at once arose.

The case of *Nutter v. Wheeler,* 2 Low. (U. S. D. C.) 346, in its facts, is very similar to the case at bar. In that case it is held: "A consignee, by the terms of his agency, may be the agent of the consignor until the consigned goods are sold, and, when they are sold, become, as between him and the consignor, the purchaser of and principal debtor for the goods sold." The same principle is announced in *Ex parte White,* L. R. 6 Ch. App. (Eng.) 397; *Depew v. Keyser,* 3 Duer (N. Y.) 335. See note under *Ferry & Co. v. Hall,* L. R. A. 1917B, 620.

It is also argued that the plaintiff's claim is barred by the statute of limitations; that the evidence of the plaintiff's witness that there had been a payment of $1 upon the claim which tolled the statute is not worthy of serious consideration. Upon this point there was a conflict in the testimony. In such case, it being a law action, it is not the province of this court to examine the evidence further than to see that there is sufficient evidence to

sustain the conclusion reached. The evidence before the court in this case was sufficient to justify the judgment.

Other questions were discussed relating more particularly to the rulings of the court on the questions of evidence. We deem it unnecessary to discuss them. Suffice it to say they have been considered in consultation, and we find no error in the rulings.

The judgment of the district court is

AFFIRMED.

LETTON and ALDRICH, JJ., not sitting.